OPINION
{¶ 1} On July 11, 1981, appellant, William Bunch, and appellee, Theresa Bunch, were married. Two children were born as issue of said marriage, namely, Kimberly Bunch, now emancipated, and Ashley Bunch, born August 21, 1987. On November 9, 2001, appellee filed for divorce.
 {¶ 2} Numerous hearings were held. By judgment entry filed March 24, 2003, the trial court granted the parties a divorce and divided the parties' property and debt. Pertinent to this appeal is the distribution of certain tools. The trial court failed to award the tools to either party.
 {¶ 3} On April 7, 2003, appellee filed a motion for new trial and addressed the issue of the tools. By judgment entry filed April 23, 2003, the trial court denied the motion, but ordered the tools sold at auction and the proceeds divided equally.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The Trial Court Erred In Ordering Tools Sold And The Proceeds Divided After Overruling A Motion For A New Trial."
 I {¶ 6} Appellant claims the trial court erred in ordering the tools sold and the proceeds divided equally. We disagree.
 {¶ 7} In her motion for new trial, appellee argued the trial court failed to give any specific order regarding the distribution of the tools. During the hearing on the motion for new trial, the matter of the tools was addressed and the trial court made the following ruling:
 {¶ 8} "Well, I'm going to order the tools sold and the proceeds divided, okay, and I'm going to do it by an auction, so if there's something you want you can bid on it, if there's something that you want you can bid on it." T. at 212.
 {¶ 9} The trial court journalized this decision via judgment entry filed April 23, 2003.
 {¶ 10} Appellant argues the trial court should have granted the motion for new trial and given each party the right to be heard on the issue.
 {¶ 11} It is clear from a reading of the March 24, 2003 judgment entry of divorce that the trial court had before it the issue of the tools:
 {¶ 12} "As for personal property, the Court finds as follows: Plaintiff has 1995 Dodge and Defendant has 1992 Ford Truck. Cargo trailer ($3,000.00) was given to Bankruptcy Trustee. Furniture is worth $5,494.00. Tools are worth about $10,000.00. Attorney Caplea is holding $13,850.00 for tax refund and Defendant got back $5,687.71 held by Jeff Jakmides. Insurance Policies Heritage Policy $2,910.00 and a State Farm Policy of $559.00 and an Edward Jones Account." See, Finding of Fact No. 9.
 {¶ 13} No disposition of the tools in specific or general terms was addressed in the Conclusions of Law.
 {¶ 14} During the hearing on the motion for new trial, the issue of the tools being omitted was discussed. T. at 209. Pursuant to Civ.R. 60(A), a trial court on its own motion may correct errors "arising from oversight or omission" at any time.
 {¶ 15} We find the trial court did not err in correcting the oversight, and the correction, because the tools were ordered sold and the proceeds distributed equally, did not affect the equity of the final decree.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.